RECEIVED
2019 MAY 15 AM 10: 55

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

ANTHONY D. HAYES
    PLAINTIFF,

V.

NO. _____

ELMINGTON PROPERTY MANAGEMENT,
KATE DENNIS, TINNESHA HARRISON,
APRYL MOLTON, JIMMIE RICHARDS ET.AL
    DEFENDANTS.

DATE: 05/09/2019

JURY TRIAL DEMANDED

---

## COMPLAINT
### FOR
### DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE, EXEMPLARY RELIEF

---

**INTRODUCTION**

Comes Now, Plaintiff, Anthony D. Hayes, Sui Juris by special appearance an indigenous American Indian and posterity for the above styled complaint Declares complaints of Human rights violations Pursuant to Section and 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) of 1990 42 U.S.C. 12112 of section 102(b)(5) section 706 (g) of the Civil rights Act of 1964 for coercion, threats intimidation, and interference because of previous exercised rights under the Acts. In addition, the Defendants' violated the workman's compensation benefits and wrongfully terminated the Plaintiff and in Support of his Complaint he submits the following:

**JURISDICTION & VENUE**

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331, 42 U.S.C. §§1983,42 U.S.C.1985 (3),42 U.S.C 1981, 42 U.S.C. 1988 (a), (b). (c). therefore, this action seeks to redress the ELMINGTON'S PROPERTY MANAGEMENT EMPLOYMENT PRACTICES/PROCEDURES in Violations of the Tennessee Human

1

Rights Act as well as the Tennessee Disability Act, all in violation of the Tennessee Workman's compensation benefits and in addition wrongful termination.

2. This Court has jurisdiction also over all supplemental claims pursuant to 28U.S.C. §1367(a)under Tennessee common law pursuant to declaratory judgment, injunctive relief, exemplary and punitive damages Title 42 U.S.C 1988 Tennessee law authorizes declaratory and this Court is the proper venue for this action because of the hostile and negligent events or omissions giving rise to the claims that occurred in this Western District of Memphis Shelby County Tennessee and all Defendants are <u>sued in their official and individual and personal private financial abilities.</u>

3. A Right to Sue letter was issued by the EEOC on March 18, 2019, under Charge Document Number- 490-2018-03318.

4. The *Tennessee Human Rights Commission* transferred its case findings to the EEOC on March 20,2019 under THRC# 2-004-19; EEOC 25A-2019-00019C.

**PARTIES**

1. Plaintiff, Anthony D. Hayes, herein after, "Hayes", a 54-year-old Indigenous American Indian male and Former employee of "EPM", who is a resident of Tennessee with a mailing correspondence located at South3rd Street 555, Memphis, Shelby County Tennessee [38101-9998].

2. Defendant, ELMINGTON PROPERTY MANAGEMENT, LLC, herein after "EPM" is a Property management Limited Liability Corporation Headquartered in Nashville, TN, located at 118 16th Ave S #200, Nashville, TN 37203.

3. Defendant, Kate Dennis, a Female HR Director for "EPM" with a principle office located at located at 118 16th Ave S #200, Nashville, TN 37203 and is sued also in her individual and financial capacity.

4. Defendant, Tinnesha Harrison, a Female, herein after, "Regional Manager", for "EPM" with a principle office located at the Country Squire Apartments, at 8056 Country Squire Ln, Cordova, TN 38018 and is sued also in her official/ individual and financial capacity.

5. Defendant, Apryl Molton, a Female, herein after, "Apartment Manager", for "EPM" with a principle office located at the Country Squire Apartments, at 8056 Country Squire Ln, Cordova, TN 38018and is sued also in her individual and financial capacity.

6. Defendant, Jimmie Richards, a Male, herein after, "Maintenance Supervisor", for "EPM" with a

principle office located at the Country Squire Apartments, at 8056 Country Squire Ln, Cordova, TN 38018and is sued also in his individual and financial capacity.

## FACTS

7. That on or about June 22,2018, the Plaintiff, "Hayes", was interviewed and hired by ELMINGTON Management Representative Managers: Christina and Stacey for the position of Maintenance Technician. The Plaintiff was hired on the site at the Country Squire Apartments where he signed an employment agreement however; the contract signed was for Assistant Community Director with a starting compensation for this role at $18.00 per hour for payroll processed biweekly every other Friday from 8 AM to 5 PM, M-F, overtime on call per week when directed at the Country Squire Apartments located at 8056 Country Squire Ln, Cordova, TN 38018. It was later mandatory and required that Plaintiff use his personal vehicle on the property, but was never discussed that the Plaintiff would be compensated to use his private vehicle to travel on the Apartment complex with no compensation. This action of the "EPM" violated Tennessee human rights Act for proper wage compensation and discriminated on the Plaintiff , however other employees were compensated which shows a violation of TCA 4-21-401,TCA 4-21-301 as well as Human rights violations Pursuant to Section 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.

8. That on or about JUNE 25,2018, Monday, the Plaintiff began working in the capacity as a Maintenance Technician with the same compensation listed above. It was later found that the Country Squire Apartment had many mechanical, electrical, plumbing problems, as well as for HVAC problems. These problems were so great and overwhelming that Residents complained to the City Memphis Code Enforcement that frequented the Apartments. The Maintenance Supervisor Ray Roberts resigned his position due to the problematic conditions which caused more chaotic disturbances after his resigning. **It is well to note that some of the residents who lived at the complex who complained of problems were also users/sellers of marijuana. Some residents who used marijuana in the comfort of their apartments and did not stop smoking when the maintenance workers entered to make service repairs which made the Plaintiff very uncomfortable. This criminal activity was expressed to the management and this was also against the Plaintiff's morals as well and his health.** There was also the huge problems of trash and furniture being dumped at the Apartments which took the Plaintiff from his contracted duties of maintenance to do extra duties of managing trash at the dumpsters which was not the job he contracted for.

3

9.      That on about JULY 10, 2018 the Plaintiff was met by the New Manager at the Apartments who just happen to be Ms. Apryl Molton who questioned him, *"How did you get at this job" Verbatim; Apryl Molton stated "I don't' know if you can work here because LEDIC would not hire you So let me check with Corporate"* The Plaintiff had already been employed for weeks and doing a well job ; and to the contrary it is confusing that Apryl Molton had some kind of pre-conceived idea about the Plaintiff when she told him he could not work at Country Squire Apts. She later called the Plaintiff to the office and said to him, *"Well just do your job"*, in an angrily fashion as if she was upset after calling the Corporate EPM Office and did not want Hayes to work at the Country Squire Apts. Based on whatever pre-conceived idea she held against Hayes from another Employer (LEDIC), which discriminated on the Plaintiff for filing previous charges of Discrimination. The action of Apryl Molton also violated the Tennessee Human Rights Act; TCA 4-21-401 et seq. and violated Human rights Pursuant to Section 704(a) of Title Vii of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.

10.     That on or about JULY 9, 2018, "The Apartment Manager" inquired about the Plaintiff's application Government I-9 Form as if there were other employment problem and asked did Plaintiff if he needed to tell her anything else about his background, the Plaintiff stated, that he was an Indigenous Native American; "Native American; reply of the "Apartment Manager." The Plaintiff replied "Yes", and also told Ms. Molton again about that some of the Apartment resident were selling and using marijuana inside of the Apartments and would not stop when he entered to make repairs. "Hayes" also told Molton that he had been involved in litigation with the State of Tennessee on a personal matter involving child support and had documentation to validate his status and information. It was unclear to why Ms. Molton wanted to know about the Plaintiff's national origin or even to why she would question that when she questions none of any other employees that were different but similarly situated. The action of Ms. Molton appeared to be intimidating and that she discriminated based on the Plaintiff national origin and age which violates the Tennessee Human Rights Act; TCA 4-21-401, TCA 50-1-304(b) also Human rights violations Pursuant to Section 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.

4

11. That on or about July 11, 2018, during a staff meeting; Mr. Jimmie Richards, an employee that was hired the same time in the same position was promoted to "Maintenance Supervisor" by the "Apartment Manager", Apryl Molton, without there being any position posted to give the same opportunity to the Plaintiff as well; thus on the same day Mr. Jimmie Richards advised another meeting for the Maintenance Staff after the Daily Staff meeting. In this meeting Mr. Richards Stated," This is no longer an 8AM to 5PM job and you better check with me first before you can leave to go home". The Plaintiff questioned Mr. Richards what authority did he have to change the "EPM" contracted working hours that was given to him during his hiring and <u>Mr. Richards stated, "If you don't like it you can turn in your keys"</u>, creating a hostile environment and refusing the Plaintiff the right to get off when time was directed by his contract creating emotional distress and undue stress trying to force the plaintiff quit under certain employment condition as         The action of Mr. Richards violated the "EPM" policy as well as the Tennessee Human Rights Act and Human rights violations Pursuant to Section 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.

12. That on or about JULY 14,2018 the Plaintiff was placed on call duty overtime for a week at the Country Squire Apartment and Town homes which totaled to 927 units for both Apartments and Town homes. **It is well to note that the Practice of the on call service policy was that two maintenance employees would work on call to assist one another.** But to the contrary, Plaintiff was forced to work alone and received well over 80 calls for various service matters. Mr. Richards told the Plaintiff he would not get any help from any other maintenance employees and that he had to work alone with no help which appeared that Mr. Richards was trying to constructively force the Plaintiff to resign which further stressed the Plaintiff to duress with hostility. The action of Mr. Richards violated the Tennessee Human Rights Act creating a hostile environment at this point violating TCA 4-21-401, and also Human rights violations Pursuant to Section 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.

13. That on or about JULY 23,2018, the Plaintiff witnessed some immoral behavior from some residents that was very awful in nature. Mr. Hayes was given no other choice but to enter Apartments that residents were smoking marijuana and was forced to do so after alerting the Maintenance Supervisor. The Plaintiff was forced to work under these circumstances

therefore he spoke again to Ms. Apryl Molton about this matter in the Daily staff meeting, who stated that the tenant had rights to do whatever they wanted in their apartment. The Plaintiff also asked Ms. Molton, if he would be compensated for using his personal vehicle gas for the apartments and was told no there would be no compensation for this. The work under these conditions of the matters were quite upsetting and violated fair and just compensation for wages as well as the Tennessee Human Rights Act. **It is well to note that Mr. Jimmie Richards was promoted to Maintenance Supervisor without any job posting although Hayes was the most qualified for the position with seniority, education and certification /experience; Apryl Molton promoted Jimmie Richards and they were former co-workers from another complex therefore it appeared that there was some conspiracy and they had joined together to harass the Plaintiff with overtime complaints although there was another employee that was required to perform the on call overtime duty during the week.** The Plaintiff was also given an oral directive to hand out eviction notices for the resident rental staffs doing their jobs for them after hours. <u>The actions of both Molton and Richards violate 42 U.S.C. 1985 and the "THRA", TCA 4-2-401, TCA 4-21-301,TCA and also Human rights violations Pursuant to Section 704(a) of Title VII of the Civil Rights Act, Section 207 (f) of the Genetic Information Nondiscrimination Act (GINA), Section 4(d) of the Age Discrimination in Employment Act (ADEA), and Section 503 (a) of the American Disabilities Act (ADA), and Section 503 (b) of the (ADA) for coercion, threats intimidation, and interference because of previous exercised rights under the Acts.</u>

14. That on or about JULY 27,2018, Friday, the plaintiff was pulled from his normal duties repairing AC units to clear the grounds of furniture and mattresses and place in dumpsters. The Plaintiff was injured by falling four feet from the dumpster platform onto the concrete pavement doing a job that was not in his description but was given a directive by both Apryl Molten and Jimmie Richards to put trash/ furniture/ mattresses in the dumpsters. The Plaintiff received several cuts :right hand, left forearm ; abrasions and trauma to his left side of his body ribs, a cut on the Left knee, left forearm, and he struck his head on the pavement where two knots swelled upon his Left temporal. "Maintenance Supervisor", Mr. Jimmie Richard was notified and came to the main office and asked the plaintiff; "Did you knock some sense into your head"; as if he was approved of the Plaintiff's injury. Pictures were taken by Ms. Apryl Molton of the injuries sustained. The Plaintiff went to the emergency room and received treatment returned to work the following Monday July 30,2018, but went back to the emergency room on that day, still experiencing difficulties with the left side of his body and left knee. The Plaintiff spoke to Ms. Apryl about additional medical care for the injury was getting worse and the plaintiff became so intense with anxiety that the plaintiff was stressed out being in agonizing pain going to work. A week would pass by before the Plaintiff would get his request for additional medical aid. Therefore, on or about August 10,2018, the Plaintiff went to the Veterans Administration Hospital psychiatrist for stress and that Plaintiff had prior PTSD condition that was noted when he was employed. Due to continued harassment and failure of

6

due care and the undue infliction of emotional duress by Apryl Molton and Jimmie Richards caused a flair up of his post condition. <u>The actions of both Molton and Richards violate the "THRA" and "TDA" TCA 8-50-103, TCA 8-50-104.</u>

15.     That on or about August 13,2018 finally the employer approved the plaintiff to see an orthopedic specialist for his trauma. The Plaintiff received medication and a medical procedure treatment to his left knee from Dr. Deneka of Ortho Memphis. Dr. Deneka made an evaluation and sent the plaintiff back to work; but with strict limited restrictions for four weeks along with physical therapy that was challenging because the plaintiff was required to go physical therapy then return to work with more pain. The Plaintiff went to work before and after going to Physical therapy, but was paid only half of his wages. The plaintiff spoke to Apryl Molton about matter and she told him that he needed to talk to Corporate about the wages.  Although there was no limited work available Mr. Jimmie Richards requested that the Plaintiff come to work and clean the maintenance shop while on limited work duty and did complete this task when Apryl Molton witnessed the Plaintiff sitting in the shop and ordered him to got to the grounds and pick up trash.

16.     That on or about September 4,2018, the Plaintiff was placed back into full duty by Ms. Tinnesha Harrison although the Plaintiff had not been cleared by the Doctor Deneka. Due to over exertion the Plaintiff re-injured himself and spoke to Mr. Richards about his difficulty he was experiencing and Mr. Richards told the plaintiff to take that up with Apryl. That on the same date Plaintiff contacted Ms. Apryl Molton via phone, but she never answered and a message was left. The actions of Tinnesha Harrison, Apryl Molton, Jimmie Richards retaliated on the plaintiff failing to provide due care for his pre-existing injury and or the fact that he had re-injured his knee which violated the "THRA" and "TDA".

17.     That on or about September 10,2018 returning to work that morning Ms. Molton had staff meeting and then told all employees to go work. The Plaintiff was picking up trash on the property when Mr. Jimmie Richards told him to go to the office and that Apryl needed to see him. Upon arrival at the office Ms. Molton stated that the Plaintiff was not working and that he was charged with violating policy and terminated, but she could not tell him what policy he violated but gave a separation notice for termination and told him to vacate the property. The Plaintiff was confused, distraught, and called the Corporate office trying to speak with Mr. Baylor McKay, HR; but spoke to Ms. Kate Dennis HR Director and advised her that he had been terminated for no apparent reasoning and that he sustained an injury on the job and was terminated while still under Doctors' care; she advised she would get back to him.  On that same day Kate Dennis returned a call to the Plaintiff and told him that he had violated policy of not working which was not true and arbitrary to his photos of the maintenance shop. Plaintiff advised Ms. Dennis that this was not true and that he had pictures for the job he was required to do while on limited duty. "Hayes" advised that he still required medical attention for the

7

injury sustained on the job, but she could not provide any clarity to the situation. The action of Kate Dennis "EPM" Representatives and employee agents offered no due care for the injury sustained on the job and sustained the terminated of the plaintiff claiming that he was not working and violated policy, but no manager or supervisor could tell him what policy he violated. The actions of "EPM" and their reps unfairly discriminated on the plaintiff through national origin and age although it treated another employee different that was similarly situated which even violates "EPM" hand book for discrimination and termination. The "EPM" and its agents violated the Tennessee Human Rights Act and the Tennessee Disability Act.

**PLAINTIFFS' FIRST CAUSE OF ACTION**
**Tennessee Human Rights Act,**
**TCA 4-21-401**, Employer practices. (a) It is a discriminatory practice for an employer to:

(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or

**TCA 4-21-301**, Discriminatory practices. (a) It is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; (2) Willfully interfere with the performance of a duty or the exercise of a power by the commission or one (1) of its members or representatives; (3) Willfully obstruct or prevent a person from complying with this chapter or an order issued thereunder;

18.     The above allegations are hereby incorporated as if fully set forth and re-alleged. As required by the State of Tennessee law "EPM is registered with the secretary of state as a LLC and has over 300 hundred employees and is required establish policy and fair compensation for its employees and are bound to abide by Employment laws according to TCA 4-21-401,4-21-301 not have Discriminating practices,

19.     That Defendants' "EPM" and its agent representatives are prohibited by the State of Tennessee law of unlawful Employment Practices; "EPM" failed to provide Plaintiff fair compensation for use of his personal vehicle on the property to make repairs for the residents. The Apartment Manager Apryl Molton further advised the Plaintiff would not be compensated for this although other employees similar situated are treated differently.

20.     Because of this failure to compensate the Plaintiff caused the Plaintiff emotional and financial duress, hardship, and mental anguish in traveling over 50 miles per day plus the back and to forth. Travel that varied day to day 10 to 12 miles in addition to the travel per day on the property site, and not to be compensated as other "EPM" employees where being. In addition the Plaintiff was contacted daily via his personal telephone by the Apartment Manager, Maintenance Supervisor and was not compensated as other employees at "EPM".

8

21. By subsequently disregarding the economic terms to compensate the Plaintiff fairly violate the Tennessee Human Rights Act TCA 4-21-401, TCA 4-21-301, and further deprives the Plaintiff or violates the Tennessee Republic Organic Constitution: Article I ,Declaration of Rights, Section 21 which states: That no man's particular services shall be demanded, or property taken ,or applied to public use, without the consent of his representatives, or without just compensation being made therefore.

**PLAINTIFFS' SECOND CAUSE OF ACTION**

**Tennessee Human Rights Act,**
**TCA 4-21-401**, Employer practices. (a) It is a discriminatory practice for an employer to:

(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or

**TCA 4-21-301,** Discriminatory practices. (a) It is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; (2) Willfully interfere with the performance of a duty or the exercise of a power by the commission or one (1) of its members or representatives; (3) Willfully obstruct or prevent a person from complying with this chapter or an order issued thereunder;

**TCA 50-1-304 (b),** Discharge for refusal to participate in or remain silent about illegal activities,

**(b)** No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

22. The above allegations are hereby incorporated as if fully set forth and re-alleged. That Defendants' "EPM" and its agent representatives are prohibited by the State of Tennessee law of unlawful Employment Practices; "EPM is registered with the secretary of state as a LLC and has over 300 hundred employees and is required establish policy and fair compensation for its employees and are bound to abide by Employment laws according to TCA 4-21-401, TCA 4-21-301, TCA 50-1-304(b) not to commit Discriminating practices, or to discharge for refusal to remain silent about illegal activities.

23. The Defendant "Apryl Molton" harassed and discriminated against the Plaintiff by inflicting bias and prejudice against his national origin and age as an Indigenous American Indian. Defendant worked at LEDIC as manager, and plaintiff came in to apply for a job, and she criticized plaintiff to plaintiff's face for expressing he is an American Indian by blowing him off, and making disparaging, ridiculing statements that I interpret belittling statements. The Plaintiff complained to the "Apartment Manager" on several occasions about the residents selling and using marijuana while the Plaintiff entered apartments to make repairs. This is illegal activity is criminal violation of State law and against the Plaintiff's morals and health. It is clear a violation against the Tennessee Humans Rights Act to discriminate on the basis of an employee's national origin and age. In addition, violation TCA 4-21-301; is unlawful for two or more persons to retaliate or discriminate against an employee; because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation,

24.     TCA 50-1-304(b) states:  No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities; The Plaintiff did complain of illegal activities that he refused to be silent about and was wrongful termination.

25.     Consequently regarding the economic terms to compensate the Plaintiff fairly "EPM" and its Manager representative, Apryl Molton violate the Tennessee Human Rights Act TCA 4-21-401, TCA 4-21-301, TCA 50-1-304(b) and further deprives the Plaintiff or violates the Tennessee Republic Organic Constitution: Article I , Declaration of Rights, Section 35g which states: The right to restitution from the offender.

## PLAINTIFFS' THIRD CAUSE OF ACTION
### Tennessee Human Rights Act,

**TCA 4-21-401**, Employer practices. (a) It is a discriminatory practice for an employer to:

(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or

**TCA 4-21-301,** Discriminatory practices. (a) It is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; (2) Willfully interfere with the performance of a duty or the exercise of a power by the commission or one (1) of its members or representatives; (3) Willfully obstruct or prevent a person from complying with this chapter or an order issued thereunder;

**TCA 50-1-304 (b),** Discharge for refusal to participate in or remain silent about illegal activities,

(b)  No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.


### Tennessee Disability Act,
**TCA 8-50-103.** Employment of the disabled Discrimination prohibited Penalty Complaint.

(a)  This section and § **8-50-104** shall be known and may be cited as the "Tennessee Disability Act."

(b) There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. Furthermore, no blind person shall be discriminated against in any such employment practices because such person uses a guide dog. A violation of this subsection (b) is a Class C misdemeanor.

26. The above allegations are hereby incorporated as if fully set forth and re-alleged.

31. That Defendants' "EPM" and its agent representatives are prohibited by the State of Tennessee law of unlawful Employment Practices; "EPM is registered with the secretary of state as a LLC and has over 300 hundred employees and is required establish policy and fair compensation for its employees and are bound to abide by Employment laws according to TCA 4-21-401, TCA 4-21-301, TCA 50-1-304(b) not to commit Discriminating practices, or to discharge for refusal to remain silent about illegal activities.

27.     The on or about JULY 14,2018 Defendant "Jimmie Richards" created a hostile work environment for the Plaintiff by arbitrarily changing his working hours although "Hayes" had a contract with "EPM" working hours of 8am to 5pm prior to Mr. Richard's promotion and to be changed to whenever Mr. Richard felt it was time for the Plaintiff to go home from work. Prior to the employment of "Hayes", his application and employment documentation reflected of his status as a member of several protected classes: as a disabled veteran and an Indigenous Native American. The actions of the "Maintenance Supervisor" violated the Tennessee Human Rights Act, TCA 4-21-401, discriminated based on his national origin as an Indigenous Native American and also violated the Tennessee Disability Act, for the Plaintiff was also a Disabled veteran.

28.     That on or about JULY 23, 2018, Both, "Apartment Manager" and "Maintenance Supervisor" actions appeared that they had joined themselves together to further harass and be hostile to the Plaintiff with overtime complaints although there was another employee that was required to perform the on call overtime duty. The Plaintiff was also forced to hand out eviction notices for the resident rental staffs doing their jobs for them after hours.

29.     That on or about JULY 27, 2018, Friday, the Plaintiff was pulled from his normal duties and given direct orders by both Apryl Molten and Jimmie Richards to put trash/ furniture/ mattresses in the dumpsters. The Plaintiff was injured by falling four feet from the dumpster platform onto the concrete pavement doing a job that was not in his employment contract. The Plaintiff received several cuts: right hand, left forearm; abrasions and trauma to his left side of his body ribs, a cut on the Left knee, left forearm, and he struck his head on the pavement where two knots swelled upon his Left temporal. The "Maintenance Supervisor", Richards was notified and he came to the main office and asked the plaintiff; _"Did you knock some sense into your head"_; this statement was offensive and derogatory in nature as hostility towards the Plaintiff. The Plaintiff returned on Monday July 30, 2018, to the emergency room, still experiencing difficulties with the left side of his body and left knee. The Plaintiff spoke to Ms. Apryl about additional medical care for the injury was getting worse and the plaintiff became so intense with anxiety that the plaintiff was stressed out being in agonizing pain going to work. A week would pass by before the Plaintiff would get his request for additional medical aid. Therefore, on or about August 10,2018, the Plaintiff went to the Veterans Administration Hospital psychiatrist for stress on the job. Plaintiff had a post PTSD condition that was noted when he was employed by "EPM". The action of Jimmie Richards and Apryl Molton failure to offer due care and the undue infliction of emotional duress by and Jimmie Richards caused the

11

Plaintiff additional stress flair up of his post condition of PTSD which violated the "THRA" and the "TDA".

30. The Plaintiff is a protected member of several classes: An Indigenous Native American and a Disabled Veteran who is owed due care.

31. The Plaintiff injuries were a direct cause of Molton's and Richard's direct orders which breached the Plaintiff's contract and failed to provide him due care which violated the "THRA" and "TDA", Tennessee Human Rights Act, TCA 8-50-103, discriminated based on his national origin as an Indigenous Native American and also violated the Tennessee Disability Act, TCA 8-50-104 for the Plaintiff was also a Disabled veteran.

32. That Defendants' "EPM" and its agent representatives violated the Tennessee Human Rights Act TCA 4-21-401, TCA 4-21-301, TCA 8-50-103, TCA 8-50-104 and further deprives the Plaintiff or violates the Tennessee Republic Organic Constitution: Article I, Declaration of Rights, Section 35g which states: The right to restitution from the offender.

**PLAINTIFFS' FOURTH CAUSE OF ACTION**
**Tennessee Human Rights Act,**

**TCA 4-21-401**, Employer practices. (a) It is a discriminatory practice for an employer to:
(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or

**TCA 4-21-301,** Discriminatory practices. (a) It is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; (2) Willfully interfere with the performance of a duty or the exercise of a power by the commission or one (1) of its members or representatives; (3) Willfully obstruct or prevent a person from complying with this chapter or an order issued thereunder;

**TCA 4-21-301,** Discriminatory practices. (a) It is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter; (2) Willfully interfere with the performance of a duty or the exercise of a power by the commission or one (1) of its members or representatives; (3) Willfully obstruct or prevent a person from complying with this chapter or an order issued thereunder;

**Tennessee Disability Act,**
**TCA 8-50-103.** Employment of the disabled Discrimination prohibited Penalty Complaint.

(a) This section and § 8-50-104 shall be known and may be cited as the "Tennessee Disability Act."

(b) There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual disability of the applicant, unless such disability to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. Furthermore, no blind person shall be discriminated against in any such employment practices because such person uses a guide dog. A violation of this subsection (b) is a Class C misdemeanor.

33.    The above allegations are hereby incorporated as if fully set forth and re-alleged.

34.    That on or about September 4, 2018, the Plaintiff was placed back into full duty by Ms. Tinnesha Harrison although the Plaintiff had not been cleared by the Doctor. The actions of Tinnesha Harrison, Apryl Molton, Jimmie Richards retaliated on the plaintiff failing to offer due care for his injury or the fact that he had re-injured his knee which violated the "THRA" and "TDA". That Defendants' "EPM" and its agent representatives are prohibited by the State of Tennessee law of unlawful Employment Practices; "EPM is registered with the secretary of state as a LLC and has over 200 hundred employees and is required establish policy and fair compensation for its employees and are bound to abide by Employment laws according to TCA 4-21-401, TCA 4-21-301, TCA 50-1-304(b) not to commit Discriminating practices, or to discharge for refusal to remain silent about illegal activities.

35.    The on or about JULY 14, 2018 Defendant "Jimmie Richards" created a hostile work environment for the Plaintiff arbitrarily changing his working hours although "Hayes" had a contract with "EPM" working hours of 8am to 5pm prior to Mr. Richard's promotion and to be changed to whenever Mr. Richard felt it was time for the Plaintiff to go home from work. Prior to the employment of "Hayes", his application and employment documentation reflected of his status as a member of several protected classes: as a disabled veteran and an Indigenous Native American. The actions of the "Maintenance Supervisor" violated the Tennessee Human Rights Act, TCA 4-21-401, discriminated based on his national origin as an Indigenous Native American and also violated the Tennessee Disability Act, for the Plaintiff was also a Disabled veteran.

36.    The on or about SEPTEMBER 4, 2018, Ms. Tinnesha Harrison, Regional Manager for "EPM" arbitrarily placed "Hayes" back to full duty status with a total disregard to his injury. The Plaintiff had not been released from medical care which was a direct cause of his re-injury and the failure of the Defendants to offer due care for his injury. Both, "Apartment Manager" and "Maintenance Supervisor" actions appeared as if they were retaliating on the Plaintiff by failing to offer process for medical treatments for re-injury and that they had joined themselves together to further harass and be hostile to the Plaintiff with overtime complaints although there was another employee that was required to perform the on call overtime duty. The Plaintiff was also forced to hand out eviction notices for the resident rental staffs doing their jobs for them after hours.

37. That on or about September 10, 2018 the Plaintiff was terminated and spoke to Ms. Kate Dennis HR Director and advised her that he had been terminated for no apparent reasoning and that he sustained an injury on the job and was terminated while still under Doctors' care; she advised she would get back to him. On that same day Kate Dennis returned a call to the Plaintiff and told him that he had violated policy of not working which was not true and arbitrary to his photos of the maintenance shop. Plaintiff advised Ms. Dennis that this was not true and that he had pictures for the job he was required to do while on limited duty. "Hayes" advised that he still required medical attention for the injury sustained on the job, but she could not provide any clarity to the situation. The action of Kate Dennis "EPM" Representatives and employee agents offered no due care for the injury sustained on the job and sustained the terminated of the plaintiff claiming that he was not working and violated policy, but no manager or supervisor could tell him what policy he violated. The actions of "EPM" and their reps unfairly discriminated on the plaintiff through national origin and age although it treated another employee different that was similarly situated which even violates "EPM" hand book for discrimination and termination. The "EPM" and its agents violated the Tennessee Human Rights Act and the Tennessee Disability Act.

38. That Defendants' "EPM" and its agent representatives violated the Tennessee Human Rights Act TCA 4-21-401, TCA 4-21-301, TCA 8-50-103, TCA 8-50-104 and further deprives the Plaintiff or violates the Tennessee Republic Organic Constitution: Article I, Declaration of Rights, Section 35g which states: The right to restitution from the offender.

**PLAINTIFFS' FIFTH CAUSE OF ACTION**

**TCA 29-14-102.** General power of courts.

    (a) Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

    (b) No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.

    (c) The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

**TCA 29-14-103.** Construction of statutes and written instruments.

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

**TCA 29-14-110**. Additional relief.

(a) Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.

(b) The application therefore shall be by petition to a court having jurisdiction to grant the relief.

(c) If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

**TCA 29-14-111.** Costs.

In any proceeding under this chapter, the court may make such award of cost as may seem equitable and just.

39. The above allegations are hereby incorporated as if fully set forth and re-alleged.

40. That the Court may issue a Declaratory judgment pursuant to **TCA 29-14-102**against the Defendants' "EPM" and its agent representatives which are prohibited by the State of Tennessee law of unlawful Employment Practices; "EPM is registered with the secretary of state as a LLC and has over 300 hundred employees and is required establish policy and fair compensation for its employees and are bound to abide by Employment laws according to Tenn. Code Ann.§§ 4-21-101,TCA 4-21-102, TCA 4-21-203, TCA 4-21-301, TCA 4-21-301, TCA 4-21-401, TCA 50-1-304, TCA 8-50-103(b),TCA 50-6-201 et. Seq. and TCA 8-50-104; not to commit Discriminating practices or to discharge for refusal to remain silent about illegal activities. That the court may issue a Declaratory judgment for the violation of the Tennessee Human Rights Act and the Tennessee Disability Act for violations of Discrimination, Harassment, Violation of workman's compensation benefits and Wrongful termination.

41. That pursuant to **TCA 29-14-103** the court may issue an Injunction relief against the Defendants thereby being required to re- hire the Plaintiff and a permanent order against the Defendant declaring that Plaintiff's termination was wrongful and arbitrary to the Tennessee Disability Act.

42. That the court may issue punitive and exemplary damages pursuant to **TCA 29-14-110**, and issue Attorney fees as well pursuant to **TCA 29-14-111**, based on the actions of "EPM", and its agents thereby to encourage the Defendants never to discriminate on disabled veterans or the national origins of people that are different or choose to be different.

## PRAYER FOR RELIEF

Wherefore Premises considered, the Plaintiffs respectfully request the Court grant the following relief:

1. That a Declaratory judgment be issued declaring Defendants in violation of the Tennessee Human Rights Act and the Tennessee Disability Act, followed by a permanent injunction, requiring "EPM" to re- employ and restore him for compensation three times for loss of his salary with interest in the amount of $43,200.00

2. That the Defendant violated its contract to order Hayes to perform a job order that was not in his description which was a direct cause to the injuries sustained by the Plaintiff, that Defendants even failed to offer due care even after the plaintiff was injured; therefore, he asks the court to grant exemplary damages three times the amount for his injuries in the amount of $350,000.

3. That a finding that the "EPM" violated workman's compensation benefit failing to provide the Plaintiff additional medical aid after terminating his employment.

4. That Defendants be charged with punitive damages for their intentional infliction of harassment, emotional stress inflicted upon Plaintiff causing undue stress to his partial permanent disability in the amount of $300,000.

5. That Court costs and attorney's fees pursuant to TCA-29-14-111 be imposed on the Defendants in bringing this suit.

6. That any other relief the Court deems appropriate.

Respectfully submitted

*Anthony D Hayes*

Anthony D. Hayes, Sui Juris
General Post Office
South 3rd Street 555
Memphis, TN [3801-9998]
901-289-0276

16

## ACKNOWLEDGMENT

STATE TENNESSEE

SHELBY COUNTY

The undersigned certify that the events occurred within Memphis, Shelby County, Tennessee, in this complaint are true to the best of his knowledge and remembrances and are declared under penalties of perjury.

_____
Anthony D. Hayes, Sui Juris

SWORN and SUBSCRIBE before me, _____ NOTARY, by Anthony D. Hayes on May 9, 2019, AD.

_____ 5/9/2019
Notary

My Commission Exp. 

17