IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| ANTHONY D. HAYES, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )    No. 2:19-cv-02312-JTF-jay |
| | ) |
| ELMINGTON PROPERTY | ) |
| MANAGEMENT, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**
_____

Before the Court is Magistrate Judge Jon York's Report and Recommendation ("R&R"), filed December 20, 2019. (ECF No. 13.) The R&R recommends dismissal of Plaintiff Anthony Hayes' complaint, under Fed. R. Civ. P. 41(b), for his failure to prosecute and failure to comply with two orders of the Court. (*Id.*) Neither party filed objections to the R&R. For the following reasons, the Court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

**FACTUAL HISTORY**

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 13, 2-6.)

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear

1

and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985)).

## ANALYSIS

Rule 41 of the Federal Rules of Civil Procedure gives district courts authority to dismiss an action if the plaintiff fails to prosecute or comply with either the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) acts as an adjudication on the merits. *Id.* This authority is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and

opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation omitted). There are four factors a court should consider before dismissing a case under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). Although none of these factors are dispositive on their own, dismissal is appropriate if the record demonstrates delay or stubborn disobedience on the part of the plaintiff. *Id*.

Here, the Magistrate Judge analyzed three of the four *Mager* factors before recommending that Plaintiff's complaint be dismissed.[1] First, the Magistrate Judge found that Plaintiff's failure to comply with the Magistrate Court's August 29, 2019 order (ECF No. 10), directing him to file a copy of his EEOC charging documents associated with his previously filed EEOC right to sue letter, was "willful, in bad faith, and [Plaintiff's] fault." (ECF No. 13, 11.) This finding was compounded by Plaintiff's failure to respond to the Magistrate Judge's November 1, 2019 Order to Show Cause, which directed Plaintiff to show "why the Magistrate Judge should not recommend the dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Magistrate Judge's August 29, 2019, Order." (ECF No. 12, 3.) To date, Plaintiff has not responded to either of the Magistrate Court's orders. The Magistrate Judge also found that Plaintiff's *pro se* status does not excuse his non-compliance, particularly because Plaintiff is an experienced *pro se* litigant who, in at least one prior case, filed the type of documents

---

[1] The Magistrate Judge found that the second factor is inapplicable in Plaintiff's case and should not be included in the Court's analysis because, at the screening stage, the Defendants have not yet been served and thus, Plaintiff's conduct has not yet prejudiced them. (ECF No. 13, 10.) The Court agrees.

3

being sought through the Magistrate Judge's order, which demonstrates that Plaintiff could understand the court's directive. (ECF No. 13, 11.) The Court agrees with the R&R's finding that the first factor, which considers Plaintiff's willfulness, bad faith, and fault, favors dismissal of his complaint.

Next, the Court agrees with the Magistrate Judge's finding that Plaintiff was explicitly warned on multiple occasions that his failure to comply with the court's orders could result in the dismissal of his case. (ECF No. 13, 11.) The R&R cites several places in the record where Plaintiff received these warnings. (*Id.*) As one example, the Order to Show Cause specifically warned Plaintiff that "his failure to respond to this Order and/or failure to show cause may result in a report and recommendation to the presiding district judge of dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.*) The Court finds that Plaintiff's failure to heed these warnings weighs in favor of dismissal.

Lastly, the Magistrate Judge found that there are no less drastic sanctions, other than dismissal, that would be appropriate in this instance. The Court agrees. Plaintiff's repeated failure to comply with the Magistrate Judge's orders and heed his warnings, lead this Court to conclude that dismissal is the appropriate course of action here, and it does not leave open less drastic sanctions.

## **CONCLUSION**

Having reviewed the R&R, and in the absence of objections by either party, the Court finds no clear error, and hereby **ADOPTS** the R&R and **DISMISSES** Plaintiff's complaint **WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 31st day of January 2020.

                                                           ***s/John T. Fowlkes, Jr***.
                                                           JOHN T. FOWLKES, JR.
                                                           United States District Judge